GUNDERSON LAW FIRM
John Funk, Esq.
Nevada State Bar No. 12372
Email: jfunk@gundersonlaw.com
Austin K. Sweet, Esq.
Nevada State Bar No. 11725
Email: asweet@gundersonlaw.com
3895 Warren Way
Reno, Nevada 89509
Telephone: 775.829.1222
Attorneys for Plaintiff GHOST LABS, LLC,

## IN THE UNITED STATED DISTRCT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| GHOST LABS, LLC, a Delaware Limited Liability Company, | Case No. 3:19-cv-00760-MMD-clb |
| Plaintiff, | **FIRST AMENDED COMPLAINT** |
| vs. | |
| ANDREW WHITNEY, individually and DBA REARDEN MATERIALS; Does 1-100, | |
| Defendants. | |
| _____/ | |

Plaintiff GHOST LABS, LLC, a Delaware Limited Liability Company ("Ghost Labs"), by and through its counsel of record John R. Funk, Esq. and Austin K. Sweet, Esq., files this *First Amended Complaint* against ANDREW WHITNEY, individually and DBA REARDEN MATERIALS (collectively, "Whitney") and states as follows:

///

///

///

///

///

///

///

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

-1-

## JURISDICTIONAL ALLEGATIONS

1. Ghost Labs is a Delaware limited liability company.

2. Ghost Labs has two members: (1) Polymer80, Inc and (2) IIA, LLC.

3. Polymer80, Inc. is a Nevada entity who principal place of business is in Dayton, Nevada.

4. IIA, LLC is a Delaware LLC whose members are an individual residing in California and a trust whose trustee is in Illinois.

5. Whitney is an individual who, upon information and belief, resides in North Carolina.

6. Upon information and belief, Whitney did and may continue to do business as Rearden Materials even though no such legal entity exists. Thus, Whitney is personally liable for any action taken either individually or when he was purporting to act on behalf of Rearden Materials.

7. Subject matter jurisdiction is based on 28 U.S.C. § 1332 (diversity of citizenship), because there is complete diversity of citizenship and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

8. The Court has jurisdiction over the parties to this action.

## GENERAL ALLEGATIONS

9. Beginning in approximately January or February 2017, Ghost Labs began having oral communications with Whitney about using a specific, proprietary material developed by Whitney for use in the manufacture of certain parts of certain firearms.

10. During these communications, Whitney orally represented that his proprietary material would be lighter, yet stronger, than a specific type of aluminum used in the industry.

11. During these communications, Whitney represented orally that his proprietary material would be lighter, yet stronger, than the certain composites used by members of Ghost Labs.

12. Whitney held himself out as an expert in his proprietary material and being able to manufacture products with his material that outperformed all other materials presently on the market.

13. Whitney held himself out as an expert in a combination of technologies that comprise advanced materials/composites, design, engineering and manufacturing techniques.

///

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

-2-

14. Whitney represented himself as an expert who was capable of engineering and manufacturing products that have elevated properties versus other market participants' products, such as any subset or all of the following: reduced mass, increased strength, enhanced colors, and textures.

15. Ghost Labs reasonably relied on Whitney's representations when it decided to enter into a written contract with Whitney.

16. Following negotiations, Ghost Labs and Whitney executed a document entitled "Memorandum of Understanding" that was dated June 14, 2017 ("Contract"). A true and correct copy of the Contract is attached as **Exhibit "1."**

17. The Contract provided, among other things, that Ghost Labs was to make a payment of $300,000 to Whitney in order to facilitate the development of the first two products identified in the Contract to be engineered and constructed.

18. Further, the Contract provided, among other things, that if for any reason after reasonable endeavor Whitney fails to successfully manufacture product that meets or exceeds the strength characteristics of equivalent aluminum parts the project will be ended, and the unused portion of the $300,000 payment will be returned to Ghost Labs without delay.

19. The Contract further provided, among other things, that if the Contract was terminated prior to full use of funds from the $300,000 then the remaining balance of unused funds will be returned to Ghost Labs.

20. The Contract provided, among other things, that the Contract shall be governed and construed in accordance with the laws of Nevada.

21. Whitney failed to meet his obligations set forth in the Contract by, among other things, timely engineering and designing products that met the specifications in the Contract.

22. Whitney's chosen manufacturer represented that it intended on having either firearms products and/or injection molds for firearms products manufactured in China. This would not have been possible given certain federal regulations precluding such actions.

23. Whitney's decision to not disclose the intention to manufacture the product(s) and/or injection mold for the product(s) in China is a material misrepresentation.

///

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

-3-

24. After the Contract was executed and while the parties were performing, Ghost Labs caused a heavy, bulky injection mold to be shipped to Whitney so a product could be molded with Whitney's material to ensure Whitney's representations concerning his material were accurate.

25. Whitney caused the injection mold to be used with his material to create the same product that is created by one of Ghost Lab's members (the "Test Product").

26. Whitney represented that the Test Product, which was made with his material and Ghost Lab's injection mold, was 39% stronger than the same product made from the composite material presently in use by one of Ghost Labs' members.

27. In order to ascertain the veracity of Whitney's representations, Ghost Labs caused the Test Product made with Whitney's material to be tested by an independent contractor who is experienced in testing the strength of products.

28. On or about July 6, 2018, Ghost Labs learned for the first time that Whitney's material contained in the Test Product was not stronger than aluminum or the previously referenced composites.

29. In fact, based upon the independent testing, Whitney's material contained in the Test Product was substantially weaker than aluminum.

30. The independent testing revealed that Whitney's material contained in the Test Product was nearly four times weaker than aluminum.

31. Based upon the independent testing, Whitney's material contained in the Test Product was six times weaker than the previously referenced composites.

32. The independent testing revealed that Whitney's material contained in the Test Product was approximately two times weaker than the certain composites.

33. Following the results of the independent testing, Ghost Labs attempted to contact Whitney to address the product's failure in July of 2018.

34. Ghost Labs provided Whitney with the results of the strength testing in July 2018.

35. From July 2018 through November 2018, Whitney avoided contact with Ghost Labs.

///

///

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

-4-

36.    Ghost Labs and Whitney finally made contact on or about November 16, 2018 (the "November 2018 Call"), during which Whitney was orally instructed to cease working on any further products pursuant to the Contract.

37.    During the November 2018 Call, Whitney agreed to cease all work and would prepare an accounting identifying how the $300,000 was spent and the amounts remaining that were owed to Ghost Labs.

38.    After repeated attempts to have Whitney provide the accounting that he agreed to perform, he has still failed to provide any documentation or accounting demonstrating the amounts spent and what is owed to Ghost Labs.

39.    Whitney never actually built an injection mold, tool, or any other tangible item. Rather, the full extent of Whitney's work was preliminary engineering work.

40.    Upon information and belief, Whitney should have only spent approximately $15,000; therefore, Ghost Labs is owed approximately $285,000.

41.    On or about May 30, 2019, Ghost Labs send a written demand in an effort to resolve this dispute in good faith, but the parties have been unable to do so.

42.    Ghost Labs has not been able to resolve its dispute with Whitney through good faith negotiations after efforts to do so.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

43.    Ghost Labs repeats the allegations contained in the other paragraphs of this *Complaint* and incorporates them by reference as if fully set forth here.

44.    The Contract is a valid and enforceable contract between Whitney and Ghost Labs.

45.    Ghost Labs fully performed its obligations required by the Contract.

46.    Whitney breached the Contract by, among other things, failing to timely engineer and manufacture a product that met the strength requirements set forth in the Contract.

47.    Whitney breached the Contract by, among other things, failing to return all sums less than the $300,000 that were not used to engineer and manufacture the product.

///

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

-5-

48.   Whitney breached the Contract by, among other things, providing an accounting of the sums used.

49.   As a result of Whitney's actions, Ghost Labs has been damaged in excess of $15,000.00.

50.   As a further direct and proximate result of these actions, Ghost Labs has incurred attorneys' fees and costs in pursuing its claims and is entitled to recover those costs and fees as special damages.

## SECOND CAUSE OF ACTION

### (Breach of the Covenant of Good Faith and Fair Dealing)

51.   Ghost Labs repeats the allegations contained in the other paragraphs of this *Complaint* and incorporates them by reference as if fully set forth here.

52.   The Contract constitutes a valid and binding contract between Whitney and Ghost Labs.

53.   In Nevada, every contract contains an implied covenant of good faith and fair dealing.

54.   Whitney breached the covenant of good faith and fair dealing by, among other things, performing in a manner that was unfaithful to the purpose of the Contract.

55.   Whitney was required to literally comply with the terms of the Contract with Ghost Labs. Whitney nevertheless deliberately contravened the requirements, intention, and spirit of the Contract.

56.   Due to this contractual breach of the implied covenant of good faith and fair dealing, Ghost Labs was proximately and legally caused to suffer damages in excess of $15,000.

57.   As a further direct and proximate result of these actions, Ghost Labs has incurred attorneys' fees and costs in pursuing its claims and is entitled to recover those costs and fees as special damages.

///

///

///

///

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

-6-

## THIRD CAUSE OF ACTION

### (Unjust Enrichment)

58.     Ghost Labs repeats the allegations contained in the other paragraphs of this *Complaint* and incorporates them by reference as if fully set forth here.

59.     Ghost Labs conferred a benefit on Whitney.

60.     Whitney accepted, retained, and appreciated the benefit conferred on it by Ghost Labs.

61.     It would be inequitable for Whitney to retain these benefits and all the others conferred on him by Ghost Labs without paying the value of these benefits back to Ghost Labs.

62.     It would be inequitable for Whitney to retain this benefit without payment to Ghost Labs for its value.

63.     As a direct and proximate result of these actions, Whitney has been unjustly enriched in excess of $15,000.

64.     As a further direct and proximate result of these actions, Ghost Labs has incurred attorneys' fees and costs in pursuing its claims and is entitled to recover those costs and fees.

## FOURTH CAUSE OF ACTION

### (Intentional Misrepresentation)

65.     Ghost Labs repeats the allegations contained in the other paragraphs of this *Complaint* and incorporates them by reference as if fully set forth here.

66.     Prior to entering into the Contract, Whitney made false representations concerning his ability, capability, expertise, and resources to complete the work required by the Contract.

67.     After Whitney breached the Contract, Whitney represented that he would provide an accounting and return outstanding funds and failed to do so.

68.     Whitney knew or believed that his representations were false.

69.     Whitney had an insufficient basis of information for making the representations.

70.     Whitney intended to induce Ghost Labs to act or refrain from acting upon the misrepresentations.

71.     Ghost Labs justifiably relied upon Whitney's misrepresentations.

72.     Whitney's representations were false.

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

-7-

73.     As a direct and proximate result of Whitney's misrepresentations, Ghost Labs has suffered damages in excess of $15,000.

74.     As a further direct and proximate result of these actions, Ghost Labs has incurred attorneys' fees and costs in pursuing its claims and is entitled to recover those costs and fees.

### FIFTH CAUSE OF ACTION

### (Negligent Misrepresentation)

75.     Ghost Labs repeats the allegations contained in the other paragraphs of this *Complaint* and incorporates them by reference as if fully set forth here.

76.     Whitney, in the course of an action in which he had a pecuniary interest, failed to exercise reasonable care or competence in obtaining or communicating information to Ghost Labs.

77.     Whitney, in the course of an action in which he had a pecuniary interest, failed to exercise reasonable care or competence in making representations to Ghost Labs.

78.     Ghost Labs justifiably relied on this information from Whitney.

79.     Whitney's representations and communications were false.

80.     As a direct and proximate result of Whitney's misrepresentations, Ghost Labs has suffered damages in excess of $15,000.

81.     As a further direct and proximate result of these actions, Ghost Labs has incurred attorneys' fees and costs in pursuing its claims and is entitled to recover those costs and fees.

### SIXTH CAUSE OF ACTION

### (Fraudulent Inducement)

82.     Ghost Labs repeats the allegations contained in the other paragraphs of this *Complaint* and incorporates them by reference as if fully set forth here.

83.     Prior to entering into the Contract, Whitney made false representations concerning his ability, capability, expertise, and resources necessary to complete the work required in the Contract.

84.     Whitney knew or believed that his representations were false.

85.     Whitney had an insufficient basis of information for making the representations.

86.     Whitney intended to induce Ghost Labs to enter into the Contract with his misrepresentations.

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA  89509
(775) 829-1222

-8-

87. Ghost Labs justifiably relied upon Whitney's misrepresentations.

88. Whitney's representations were false.

89. As a direct and proximate result of Whitney's misrepresentations, Ghost Labs has suffered damages in excess of $15,000.

90. Ghost Labs is entitled to rescission of the Contract to place it back in the position as if the Contract had not been entered into.

91. As a further direct and proximate result of these actions, Ghost Labs has incurred attorneys' fees and costs in pursuing its claims and is entitled to recover those costs and fees.

### SEVENTH CAUSE OF ACTION

### (Deceptive Trade Practices)

92. Ghost Labs repeats the allegations contained in the other paragraphs of this *Complaint* and incorporates them by reference as if fully set forth here.

93. Prior to entering into the Contract, Whitney made false representations concerning Whitney's ability, capability, expertise, and resources to complete the Work required pursuant to the Contract.

94. After the Contract was entered into, Whitney represented that he would prepare an accounting but never did so.

95. Whitney knew or believed that his representations were false.

96. Whitney's misrepresentations were made in the course and scope of his business or profession.

97. Whitney had an insufficient basis of information for making the misrepresentations.

98. Whitney intended to induce Ghost Labs to enter into the Contract with his misrepresentations.

99. Ghost Labs justifiably relied upon Whitney's misrepresentations.

100. Whitney's representations were false.

101. Whitney's actions constitute deceptive trade practices pursuant to NRS Chapter 598, *et seq.*

///

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

102. Whitney's actions constitute deceptive trade practices pursuant to NRS 598.0915(15), among other provisions.

103. Ghost Labs is entitled to bring its claim pursuant to NRS 41.600.

104. Ghost Labs is entitled to its attorneys' fees for Defendants' deceptive trade practices.

## EIGHTH CAUSE OF ACTION

### (Accounting)

105. Ghost Labs repeats the allegations contained in the other paragraphs of this *Complaint* and incorporates them by reference as if fully set forth here.

106. A relationship existed between Ghost Labs and Whitney pursuant to the Contract.

107. Ghost Labs requires an accounting because some balance is due to Ghost Labs that can only be ascertained by an accounting.

108. Ghost Labs seeks that Whitney provide a full, complete, and accurate accounting of all amounts spent by him pursuant to the Contract and the amounts owed to Ghost Labs pursuant to the Contract.

109. Ghost Labs further seeks full and complete access to all financial, business, and/or accounting records created or maintained regarding monies owed pursuant to the Contract for any purpose whatsoever, so that it may have an expert review those files to create a full and complete accounting of the amounts owed pursuant to the two agreements. This request includes all electronic files and those files metadata sufficient to ensure information has not been inappropriately manipulated.

110. Whitney is the responsible party to provide this information.

111. Ghost Labs has a right to inspect the documents it seeks.

///

///

///

///

///

///

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

-10-

## NINTH CAUSE OF ACTION

### (Declaratory Relief)

112.    Ghost Labs repeats the allegations contained in the other paragraphs of this *Complaint* and incorporates them by reference as if fully set forth here.

113.    An actual controversy has arisen and now exists between the parties concerning the interpretation of and their respective rights and obligations relating to the Contract.

114.    Ghost Labs is entitled to a judicial determination of the parties' respective rights and duties as they relate to the Contract.

115.    A judicial declaration is necessary and proper at this time under the circumstances in order that the parties may determine their rights and duties.

THEREFORE, Ghost Labs prays for judgment as follows:

1.    Judgment in Ghost Lab's favor and against Whitney according to the evidence;

2.    An award of damages in Ghost Lab's favor and against Whitney according to the evidence;

3.    Rescission of the Contract;

4.    An award of interest, costs, and attorneys' fees; and

5.    Such further relief as the Court deems proper.

DATED this day of January, 2020.

GUNDERSON LAW FIRM

John Funk, Esq.
Nevada State Bar No. 12372
Austin K. Sweet, Esq.
Nevada State Bar No. 11725
3895 Warren Way
Reno, Nevada 89509
Telephone: 775.829.1222
*Attorneys for Plaintiff GHOST LABS, LLC,*

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of the law office of GUNDERSON LAW FIRM, and on the ___22___ day of January, 2020 I electronically filed the **FIRST AMENDED COMPLAINT** and a copy will be electronically mailed by the United States District Court-District of Nevada through CM/ECF to the following:

Justin T. Toth, Esq.
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
*jtoth@rqn.com*

Louis M. Bubala III, Esq.
KAEMPFER CROWELL
50 West Liberty Street, Suite 700
Reno, NV 89501
*lbubala@kcnvlaw.com*
*Attorneys for Defendant Andrew*
*Whitney DBA Rearden Materials*

_____
Ga'Brieala Mitchell

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

-12-

# EXHIBIT LIST

| Exhibit # | Description | Pages |
|---|---|---|
| Exhibit "1" | Contact – Memorandum of Understanding dated June 14, 2017 | 10 |